UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH A. CHIOFALO, on behalf of himself
and all others similarly situated,

                           Plaintiff,

      -against-

FORSTER & GARBUS, LLP, RONALD
FORSTER and MARK A. GARBUS,

                         Defendants.
------------------------------------------------------------X

**FILED**
**CLERK**

5:14 pm, Jan 25, 2021

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

ORDER
19-CV-487(SJF)(ARL)

FEUERSTEIN, District Judge:

I.      Introduction

On January 24, 2019, plaintiff Joseph A. Chiofalo ("plaintiff") commenced this putative class action against defendants Forster & Garbus, LLP ("F&G"), Ronald Forster ("Forster") and Mark A. Garbus ("Garbus") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Pending before the Court is defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion is granted.

II.     Background

    A.     Factual Allegations

F&G sent a letter, dated January 24, 2018, to plaintiff seeking to collect a balance of three thousand six hundred fifty-five dollars and eleven cents ($3,655.11) in the effort to collect a credit card debt owed by plaintiff to Barclays Bank Delaware ("BBD") (the "Collection Letter"). (Compl., Ex. 1). The upper right corner of the Collection Letter reads, "**FORSTER &**

1

**GARBUS, LLP A NEW YORK LAW FIRM**" and lists the names of attorneys associated with F&G. (*Id.*) Below that, the letter provides, "BALANCE DUE as of January 24, 2018 › $3,655.11", below that is a reference number, below that is the last four digits of an account number, and directly below the account number it states, "**Re › BARCLAYS BANK DELAWARE**." (*Id.*)

The main text of the letter reads, in relevant part, "Your account has been placed with this office for collection. . . . If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. Please note that we are required, under federal law, to advise you that we are debt collectors. . . ." (Compl., Ex. 1). A detachable section at the bottom of the letter states, "MAKE CHECK PAYABLE TO: **FOSTER & GARBUS LLP as attorneys**" and again provides the balance due and states, "**Re › BARCLAYS BANK DELAWARE**." (*Id.*) The letter does not include any language indicating that the debt was transferred, sold or assigned. (*See Id.*)

B.   Procedural History

On January 24, 2019, plaintiff commenced this putative class action against defendants alleging violations of the FDCPA. Issue was joined by the service of an answer on behalf of defendants on March 30, 2019.

Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

2

III. Discussion[1]

    A. Standard of Review

"Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018) (quoting Fed. R. Civ. P. 56(a)); *accord Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007); *see also Ricci v. DeStefano*, 557 U.S. 557, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009) ("On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party *only* if there is a 'genuine' dispute as to those facts." (emphasis added)). On a motion for summary judgment, "[a] fact is material if it might affect the outcome of the suit under the governing law[.]" *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 25 (2d Cir. 2015).

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017), and "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30, 45 (2d Cir. 2019); *see also Hancock v. County of Rensselaer*, 882 F.3d 58, 64 (2d Cir. 2018) ("In determining whether there is a genuine dispute as to a material fact, we must resolve

---

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, footnotes, and alterations.

all ambiguities and draw all inferences against the moving party.") "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pollard v. New York Methodist Hosp.*, 861 F.3d 374, 378 (2d Cir. 2017); *accord Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 113-14 (2d Cir. 2017). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci*, 557 U.S. at 586, 129 S. Ct. at 2677; *accord Baez v. JetBlue Airways Corp.*, 793 F.3d 269, 274 (2d Cir. 2015).

"The moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013); *accord Jaffer*, 887 F.3d at 114. "[W]hen the moving party has carried its burden[,] . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [,]" *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007), and must offer "some hard evidence showing that its version of the events is not wholly fanciful[.]" *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008). The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." *Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 56 (2d Cir. 2012). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient to defeat a summary judgment motion[,]" *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012); and "[a] court cannot credit a plaintiff's merely speculative or conclusory assertions." *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012); *see also Federal Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.");

4

*Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) ("While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, . . . conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]") Since "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party[,] . . . [i]f the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

    B.  FDCPA Claims

Initially, since plaintiff does not specifically oppose, or otherwise address, so much of defendants' motion as seeks summary judgment dismissing plaintiff's claims seeking to impose personal liability upon Forster and Garber, they seemingly abandoned those claims. *See Jackson v. Federal Express*, 766 F.3d 189, 198 (2d Cir. 2014) (holding that in cases where a counseled party makes only a partial response to a motion for summary judgment, referencing some claims or defenses but not others, "a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); *e.g. Kovaco v. Rockbestos-Surprenant Cable Corp.*, 834 F.3d 128, 143 (2d Cir. 2016) ("[P]leadings often are designed to include all possible claims or defenses, and parties are always free to abandon some of them. And insofar as summary judgment is known as a highly useful method of narrowing the issues for trial, it follows that preparation of a response to a motion for summary judgment is a particularly appropriate time for a non-movant party to decide whether to pursue or abandon some claims or defenses. Accordingly, generally . . . a partial response reflects a decision by a

5

party's attorney to pursue some claims or defenses and to abandon others, and a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned.") Accordingly, the branch of defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's claims seeking to impose personal liability upon Forster and Garber is granted and defendants are granted judgment as a matter of law dismissing plaintiff's claims seeking to impose personal liability upon Forster and Garber in their entirety with prejudice.

1. Failure to Properly Identify Creditor Claim

Under the FDCPA, a debt collector is obligated to identify "the name of the creditor to whom the debt is owed," 15 U.S.C. § 1692g(a)(2), and "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e. Plaintiff claims that the Collection Letter violates both of those provisions of the FDCPA by failing to properly identify the creditor.

Since "the FDCPA is primarily a consumer protection statute, . . . [courts] must construe its terms in liberal fashion to achieve the underlying Congressional purpose[,]" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016), which "is to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Id.* (quoting 15 U.S.C. § 1692(e)).

6

In assessing whether a collection letter violates the FDCPA, courts apply an objective "least sophisticated consumer" standard, pursuant to which "a collection notice can be misleading if it is open to more than one reasonable interpretation, at least one of which is inaccurate." *Avila*, 817 F.3d at 75. However, in applying the least sophisticated consumer standard, the Court must "bear in mind the [FDCPA's] 'dual purpose': in addition to protecting consumers against deceptive debt collection practices, the objective test . . . protects debt collectors from unreasonable constructions of their communications." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). "The hypothetical least sophisticated consumer does not have the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Since the least sophisticated consumer standard "carefully preserve[s] the concept of reasonableness[,] . . . the FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices." *Jacobson*, 516 F.3d at 90; *accord Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 52 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 1282, 203 L. Ed. 2d 280 (2019). "Because the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law." *Lugo v. Forster & Garbus, LLP*, No. 19-cv-01435, 2019 WL 5303957, at *1 (E.D.N.Y. Oct. 21, 2019).

"[E]ven the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Ellis*, 591 F.3d at 135. Moreover, "[t]he least sophisticated consumer does not read a debt collection letter in complete isolation from her financial history[,]" *Ocampo v. Client Servs., Inc.*,

7

No. 18-cv-4326, 2019 WL 2881422, at * 2 (E.D.N.Y. Jul. 3, 2019), and "possesses reasonable knowledge of her account's history." *Id.* "In evaluating whether a communication meets the requirement set forth in FDCPA § 1692g(a), the court's role is to assess whether the 'least sophisticated consumer' *who reads the entire letter* would have been aware that the name of the creditor appeared in the letter." *Stehly v. Client Servs., Inc.*, No. 2:18-05103, 2019 WL 2646664, at * 3 (E.D.N.Y. June 27, 2019) (emphasis in original); *accord Taylor v. MRS BPO, LLC*, No. 2:17-CV-01733, 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017). "[S]pecific designations of the creditor's identity are not required to satisfy the FDCPA[;] . . . [E]ven if a collection letter does not use the words 'creditor' or 'owner' to identify the current holder of the debt, the FDCPA does not require debt collectors to use 'magic words' to avoid liability." *Stehly*, 2019 WL 2646664, at * 3; *see also Taylor*, 2017 WL 2861785, at * 3 ("[W]hile the letter does not use the words 'creditor' or 'owner,' . . . courts [] have not required 'magic words' or specific phrases to meet the strictures of 1692(e).")

"[C]ourts of this district have repeatedly held that merely stating 'RE' and the name of an entity in a collection letter does not satisfy the [] requirements of the FDCPA." *Taylor*, 2017 WL 2861785, at * 3 (citing cases); *Lugo*, 2019 WL 5303957, at * 2 ("[S]ome courts within this District [] have held that a singular and unadorned reference to an entity other than the debt collector with nothing more than a 're:' in the header of a letter does not meet the FDCPA[.]" (citing cases)). However, courts of this district have also repeatedly held that collection letters, like the one at issue in this case, which provide not only the name of the creditor, but also the account number and the balance due for the account, satisfy the FDCPA. *See, e.g. Williams v. Client Services, Inc.*, No. 18-CV-5104, 2020 WL 4345002, at *2 (E.D.N.Y. July 29, 2020),

8

*appeal withdrawn*, 2020 WL 6471384 (2d Cir. Sept. 10, 2020) (finding that the collection letter, which "states 'RE: Chase Bank USA, N.A.,' and identifies the account number and balance due," provided "sufficient information for even the least sophisticated consumer to understand that the debt collection letter is attempting to collect a debt. . . . Indeed, the least sophisticated consumer would understand that he has a debt with Chase and can match the account with the account number on the letter."); *Ocampo*, 2019 WL 2881422, at * 3 ("By explicitly naming the creditor, and by providing additional consistent context indicators in the form of the account number and balance due, defendant has satisfied its obligation under § 1692g(a)(2) to provide the 'name of the creditor to whom the debt is owed' in this letter.") Indeed, in *Lugo*, the Honorable Allyne R. Ross, United States District Judge, addressed a similar letter to the Collection Letter at issue in this case and held, in pertinent part:

> "The instant Collection Letter refers to the creditor twice, by stating 'Re: Barclays Bank Delaware.' The rest of the letter provides context for the consumer to understand that Barclays Bank Delaware is the creditor, and therefore, the communication sufficiently identifies the creditor and is not confusing.
>
> The subject line of the Collection Letter identifies both the creditor, Barclays Bank Delaware, and plaintiff's account number with that institution. This strongly suggests that Barclays Bank Delaware is the current creditor. . . . The bank account number serves as a unique identifier which clarifies the source of the consumer's debt. . . .
>
> . . . The only other entity mentioned in the letter is F&G, which is clearly defined as debt collector and 'as attorneys.' . . . There is no indication in the letter that the debt has been sold, transferred, or assigned to another, unnamed entity. . . . Plaintiff's view that the debt may have been sold to another party not mentioned in the collection letter is an idiosyncratic interpretation that goes beyond the text of the letter. An LSC is not likely to make such a leap.
>
> . . . [T]the context of this letter implicitly makes clear that Barclays Bank Delaware is the current creditor. . . . There is no reasonable but inaccurate reading of the letter that an LSC would be susceptible to."

9

*Lugo*, 2019 WL 5303957, at * 3.

The Court sees no reason to depart from Judge Ross's well-reasoned decision. The debt collection letter at issue clearly identifies the creditor, *inter alia*, by twice providing, in bold, capital letters, "Re › BARCLAYS BANK DELAWARE," both near the top of the letter and on the detachable payment slip; by providing the last four (4) digits of the BBD account number directly above the "Re" line at the top of the letter; and by indicating, also in capital letters, the balance due several lines above the "Re" line, at both the top of the letter and on the detachable payment slip. *See, e.g. Ocampo*, 2019 WL 2881422, at * 2 (finding that a collection letter that indicated "Re: Synchrony Bank Walmart MC" at the top of the letter, and the account number and the balance due right below that line, "is sufficient information for even the least sophisticated consumer to understand that the debt collection letter is attempting to collect a debt for Synchrony Bank, the issuing bank for her Walmart credit card."); *Taylor*, 2017 WL 2861785, at *3 (finding that the fact that "the subject line of the Collection Letter identifies both the creditor, Chase, and plaintiff's account number with Chase Bank . . . strongly suggests that Chase is the current creditor[;]" and that "[t]he only other entity mentioned in the letter is MRS, which is clearly identified as the debt collector.")

Moreover, "[i]t would be particularly difficult for the least sophisticated consumer to be confused about who the creditor is because there is no other entity even mentioned in the letter, besides defendant." *Ocampo*, 2019 WL 2881422, at * 2; *accord Williams*, 2020 WL 4345002, at *2. Since the letter, *inter alia*, identifies F&G "as attorneys" and indicates, "Your account has been placed with this office for collection" and "Please note that we are required, under federal law, to advise you that we are debt collectors," "the least sophisticated consumer would be able

10

to infer that defendant is the debt collector, not the creditor." *Ocampo*, 2019 WL 2881422, at * 2. Additionally, the Collection Letter clearly invites plaintiff to inquire as to the "name and address of the original creditor, if different from the current creditor." (Compl., Ex. 1). "Therefore, it logically follows that . . . the context and contents of the Letter implicitly make clear that [Barclays Bank Delaware] is the creditor." *Williams*, 2020 WL 4345002, at * 3.

Finally, Section 1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." However, plaintiff proffers no "reasonable but inaccurate interpretation of the letter" to which the least sophisticated consumer would be susceptible. *Taylor*, 2017 WL 2861785, at *3. "[T]he provision of the consumer's account number with the creditor, in conjunction with naming the creditor, eliminates the possibility that the Letter could be reasonably read by the least sophisticated consumer to have two or more different meanings, one of which is inaccurate." *Williams*, 2020 WL 4345002, at *3. Since the context of the Collection Letter, read as a whole, implicitly makes clear that Barclays Bank Delaware is the current creditor, *Lugo*, 2019 WL 5303957, at * 3, plaintiff cannot establish a violation of the FDCPA.[2] Accordingly, the branch of defendants' motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's FDCPA claims alleging that the Collection Letter fails to properly identify the creditor is granted and defendants are granted judgment as a matter of law dismissing those claims in their entirety with prejudice.

---

[2] In light of this holding, it is unnecessary to address the issue of materiality. *See, e.g. Taylor*, 2017 WL 2861785, at * 3 (declining to address the issue of materiality where there was no misrepresentation).

11

2. "As of" Claim

Plaintiff alleges that the collection notice he received was misleading in violation of the FDCPA because it contained the phrase "Balance Due as of January 24, 2018," which could lead the least sophisticated consumer to falsely believe that his balance might increase. However, the first sentence in the section of plaintiff's opposition brief addressing the "as of" language states, "It is undisputed that the debt was static." (Plf. Opp. at 9).

In *Loiseau v. Forster & Garbus, LLP*, No. 18-CV-3232 2020 WL 489462 (E.D.N.Y. Jan. 30, 2020), the Honorable Joan M. Azrack, United States District Judge, considered and rejected this very same claim, finding that Second Circuit precedent, *i.e.*, *Dow v. Frontline Asset Strategies, LLC*, 783 F. App'x 75 (2d Cir. Nov. 4, 2019) (summary order) and *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212 (2d Cir. 2018), is dispositive of this claim. *Loiseau*, 2020 WL 489462, at * 2. Like *Loiseau*, plaintiff admits that the debt at issue here was static and there is no mention of any other interest, fees, or charges in the Collection Letter. "As the Second Circuit found in *Taylor*, 'a collection notice that fails to disclose that interest and fees are not currently accruing on a debt is not misleading within the meaning of Section 1692e.'" *Loiseau*, 2020 WL 489462, at * 2 (quoting *Taylor*, 886 F.3d at 215). "The Dow Order then explained how the phrase 'as of,' when used to describe the amount owed on a static debt, would not lead the least sophisticated consumer to believe their debt is dynamic." *Id.* Accordingly, the Court agrees with Judge Azrack and finds that "the use of the language 'Balance Due as of [January 24, 2018]' to describe a static debt is not false, deceptive, or misleading in violation of the FDCPA." *Id.* Thus, the branch of defendants' motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's FDCPA claims challenging the "as

of" language in the Collection Letter as misleading is granted and defendants are granted judgment as a matter of law dismissing those claims in their entirety with prejudice.

IV.     Conclusion

For the reasons set forth above, defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is granted and plaintiff's FDCPA claims are dismissed in their entirety with prejudice. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

                                                       /s/ *Sandra J. Feuerstein*
                                                       Sandra J. Feuerstein
                                                       United States District Judge

Dated: January 25, 2021
       Central Islip, New York